```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
                        CAMDEN VICINAGE
```

| | |
|---|---|
| BART ANTHONY DIGUGLIELMO,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Civil No. 17-03985 (RMB)<br><br>**MEMORANDUM OPINION & ORDER** |

**BUMB**, United States District Judge:

    This matter comes before the Court upon an appeal by Plaintiff Bart Anthony DiGuglielmo from a denial of social security disability benefits.

    For the reasons set forth below, the Court vacates the decision of the Administrative Law Judge ("ALJ") and remands for proceedings consistent with this Memorandum Opinion and Order's reasoning.

**I.**     <u>**STANDARD OF REVIEW**</u>

    When reviewing a final decision of an ALJ with regard to disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "'more than a mere

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Cons. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. See Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000). The Court's review of legal issues is plenary. Sykes, 228 F.3d at 262 (citing Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999)).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a

> specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i-v). The analysis proceeds as follows:

> At step one, the ALJ determines whether the claimant is performing "substantial gainful activity[.]" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he is, he is not disabled. Id. Otherwise, the ALJ moves on to step two.
>
> At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" Id. §§ 404.1520(c), 416.920(c). If the claimant lacks such an impairment, he is not disabled. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If he has such an impairment, the ALJ moves on to step three.
>
> At step three, the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations[.]" Smith, 631 F.3d at 634. If the claimant's impairments do, he is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If they do not, the ALJ moves on to step four.
>
> At step four, the ALJ assesses the claimant's "residual functional capacity" ("RFC") and whether he can perform his "past relevant work."2 *202 Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "[RFC] is the most [he] can still do despite [his] limitations." Id. §§ 404.1545(a)(1), 416.945(a)(1). If the claimant can perform his past relevant work despite his limitations, he is not disabled. Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If he cannot,

> the ALJ moves on to step five.
>
> At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] ... age, education, and work experience[.]" Id. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If he cannot, he is disabled.

Hess v. Comm'r Soc. Sec., 931 F.3d 198, 201–02 (3d Cir. 2019).

## II. **FACTS**

The Court recites only the facts that are necessary to its determination on appeal, which is narrow.

Plaintiff, who was 51 years old at the alleged onset date, claims disability, in part, based on diagnoses of mental disabilities including post-traumatic stress order, bipolar disorder with manic depression, and anxiety not otherwise specified.

In support of his claim in these regards, Plaintiff provided voluminous treatment and examination records from the Philadelphia and Wilmington Veterans Administration Medical Centers (A.R. at 292-295, 307-425, 575-588, 593-602); treatment records from AtlantiCare Behavioral Health (A.R. at 564-574); and a mental status exam by Dr. William Coffey of South Jersey Psychology on behalf of the Social Security Administration

(A.R. at 296-301).

## III. <u>**ALJ'S DETERMINATION**</u>

The ALJ found Plaintiff not disabled.  At Step Two of the five-step sequential analysis, the ALJ concluded that Plaintiff had "severe impairment[]" of, *inter alia*, post-traumatic stress disorder. (A.R. at 15)  At Step Three, the ALJ determined that Plaintiff's mental impairment resulted in "mild restrictions in activities of daily living; moderate difficulties in social functioning; and moderate difficulties with regard to concentration, persistence or pace." (A.R. at 16)  At Step Four of the five-step sequential analysis, the ALJ concluded that Plaintiff had "the residual function capacity to perform less than a full range of light work as defined in 20 CFR 404.1567(b)." (A.R. at 17)  The ALJ did make certain accommodations for Plaintiff's asserted mental impairments, including that he "is limited to unskilled work involving routine and repetitive tasks with occasional changes in the work setting"; that he can have "no quota or production based work (low stress) but rather goal oriented work"; and that he is limited to "occasional interaction with coworkers, supervisors and members of the public." (A.R. at 17)

The ALJ classified Plaintiff's treatment for mental impairment as "sporadic, routine and conservative", without

explanation. (A.R. at 19)  The ALJ did not cite any diagnoses from Plaintiff's treatment records, but did note the Plaintiff's self-reporting of symptoms from those sessions. (A.R. at 19-22)  The ALJ gave "partial weight" to "Disability Determination Explanations" provided by two State agency psychological consultants, noting that their "opinions are generally consistent with the objective medical evidence of record." (A.R. at 22)  The ALJ also assigned "some weight" to the assessment by consultative examiner Dr. Coffey. (A.R. at 22-23)

The ALJ concluded that, given his residual function capacity, Plaintiff could not perform any past relevant work. (A.R. at 23)

At Step Five of the analysis, the ALJ determined that Plaintiff was not disabled and could perform the occupations of garment sorter, paper pattern folder, or fruit cutter, based on his residual functional capacity. (A.R. at 24-25)

## IV. ANALYSIS

Among other arguments, Plaintiff asserts that the ALJ erred in failing to find at Step Two the presence of a severe mental impairment in addition to post-traumatic stress disorder (i.e. anxiety not otherwise specified), and that this failure infected each subsequent step of the ALJ's analysis.

The Commissioner argues that a failure at Step Two to find

an additional impairment severe is "harmless" and not a basis for remand, as a finding of at least one severe impairment allows Plaintiff to proceed to the next step of the process. The Commissioner further argues that the ALJ "expressly considered evidence related to Plaintiff's anxiety in the overall analysis", and that discussion of his anxiety in her RFC analysis "thereby confirm[s] she considered it."

While a failure to find an additional severe impairment at Step Two is not a *per se* basis for remand, it does not necessarily follow that it is "harmless" to the Plaintiff's case *in toto*. A finding of a second severe limitation in Step Two would of necessity affect the limitation analysis of Step Three, and likely the residual function capacity analysis of Step Four. As discussed in more detail below, a revised RFC incorporating further limitations may have resulted in the vocational expert finding no jobs available for the Plaintiff.

Additionally, it is not clear how and to what extent the ALJ integrated consideration of evidence of Plaintiff's anxiety, or even the "moderate difficulties with regard to concentration, persistence or pace" that she identified in Step Three of her analysis, into her RFC determination.

Perhaps the ALJ arrived at her RFC determination having carefully considered evidence of Plaintiff's anxiety, as represented by the Commissioner. However, the Court cannot

affirm on this basis.  The ALJ's written decision does not allow the Court to discern whether the ALJ took into consideration Plaintiff's anxiety symptoms or "moderate limitation" with concentration and pace in determining that the RFC would not contain a time off-task limitation or allowance for missed work. See Stockett v. Comm'r of Soc. Sec., 216 F. Supp. 3d 440, 456 (D.N.J. 2016) (Bumb, D.J.) ("The Third Circuit 'requires the ALJ to set forth the reasons for his decision.'") (quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 123 (3d Cir. 2000)).  This is not merely harmless error.  The vocational expert in this case testified that "none of the jobs [fitting the RFC] would be available" for an individual who was either off task 10% of the workday due to a need for unscheduled breaks, or who was likely to miss work at least two days per month. (A.R. at 84-85)  Whether the ALJ took into account Plaintiff's "moderate limitation" in formulating the RFC may thus affect the ultimate finding of disability.

It may well be the case that the ALJ will arrive at the same decision on remand.  At this juncture, however, the ALJ must provide additional explanation for the decision.  As such, the Court **vacates** the decision of the ALJ and **remands** for proceedings consistent with the above analysis.

**ACCORDINGLY**, it is on this **24th** day of **February, 2020**,

**ORDERED** that the decision of the Administrative Law Judge is **VACATED** and the case is **REMANDED** for further proceedings consistent with this Memorandum Opinion; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE THIS CASE**.

                                          ___s/ Renée Marie Bumb___
                                          RENÉE MARIE BUMB, U.S.D.J.