IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW
JERSEY CAMDEN VICINAGE

|  |  |
|---|---|
| BART ANTHONY DIGUGLIELMO,<br><br>              Plaintiff,<br><br>    v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>              Defendant. | Civil No. 17-03985 (RMB)<br><br>**OPINION** |

**BUMB**, United States District Judge:

This matter comes before the Court upon the Commissioner of the Social Security Administration's ("Defendant"'s) Motion to Alter or Amend the Court's Order of February 24, 2020 vacating and remanding the Administrative Law Judge's ("ALJ") decision in Plaintiff Bart Anthony DiGuglielmo's ("Plaintiff"'s) Social Security Appeal.

For the reasons set forth below, the Court **DENIES** the Defendant's Motion to Alter or Amend the Judgment.

I.  **BACKGROUND**

Plaintiff applied for Social Security disability benefits, in part, based on diagnoses of post-traumatic stress disorder ("PTSD"), bipolar disorder with manic depression, and anxiety

1

not otherwise specified. (Feb. 24, 2020 Opinion, "Opinion," at 4)  Upon review, the ALJ concluded Plaintiff is not disabled. (Opinion at 5)  At Step Two of the sequential analysis, the ALJ found Plaintiff's PTSD to be a severe impairment. (Opinion at 5, citing A.R. at 15)  At Step Three, the ALJ determined the Plaintiff's mental impairments resulted in "mild restrictions in activities of daily living; moderate difficulties in social function; and moderate difficulties with regard to concentration, persistence or pace." (Opinion at 5, citing A.R. at 16)  At Step Four, the ALJ concluded that the Plaintiff had the residual functional capacity ("RFC") "to perform less than a full range of light work as defined in 20 CFR 404.1567(b)," and provided various other accommodations regarding Plaintiff's asserted mental impairments. (Opinion at 5, citing A.R. at 17)  At Step Five, the ALJ determined that the Plaintiff was not disabled and could perform various occupations based on his RFC. (Opinion at 6, citing A.R. at 24-25)

    Plaintiff appealed the ALJ's final determination to this Court on the grounds that the ALJ had erred at Step Two in failing to find Plaintiff's anxiety not otherwise specified to be a severe mental impairment, and that this failure affected the subsequent steps of the analysis. (Opinion at 6)  The Commissioner asserted that any failure at Step Two to find an

2

additional impairment severe would not be a basis for remand and was therefore "harmless." (Opinion at 6-7)

This Court vacated the ALJ's decision and remanded for the ALJ to provide a more thorough explanation of the determination. (Opinion at 8-9)  On March 11, 2020, the Commissioner filed a Motion to Alter or Amend the Judgment pursuant to Fed. R. Civ. P. 59(e).

## II.   LEGAL STANDARD

A judgment may be altered or amended pursuant to Fed. R. Civ. P. 59(e)

> if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)

Platten v. Ortiz, No. 18-17082 (RMB), 2020 U.S. Dist. LEXIS 112212 (D.N.J. June 26, 2020).

## III. DISCUSSION

The Defendant moves to alter or amend the judgment under the first prong, asserting that there was an intervening change in the controlling law and citing the recent Third Circuit non-

precedential decision in Orr v. Comm'r Soc. Sec., 805 F. App'x 85, 88 (3d Cir. 2020).[1]

In Orr, a Claimant appealed a denial of Social Security disability benefits and Supplemental Security Income. Orr, 805 F. App'x at 86. The Claimant alleged that the ALJ erred both in finding some impairments non-severe at Step Two and in determining that Claimant's impairments did not meet a qualifying listing at Step Three. After taking into account all of Claimant's medical impairments, the ALJ determined he was not disabled at Step Five. Id., at 90. The Third Circuit reasoned that "because the ALJ progressed to a later step, any error at Step Two would not alter the remainder of the five-step process, much less the overall outcome," and was therefore not grounds for remand. Id. at 88.

Contrary to Defendant's contention that Orr is an intervening change in law, the decision is entirely in line with this Court's analysis in its Opinion. The issue in Orr is similar to the Plaintiff's, in that the Claimant in Orr alleged that the ALJ erred in determining that some of his impairments were not severe at Step Two. However, the Claimant's argument in Orr was simply that the ALJ erred at Step Two. This Court, consistent with the Third Circuit in Orr, stated explicitly that

---

[1] The Defendant does not assert any grounds for alteration under the second or third prong.

4

"a failure to find an additional severe impairment at Step Two is not a *per se* basis for remand." (Opinion at 7)  The Claimant in Orr did not assert that the non-severe impairments were subsequently not integrated into the RFC determination.  In fact, the Orr opinion specifically highlighted the non-severe impairments which the ALJ considered at Steps Four and Five. Orr, 805 F. App'x at 90.

In the case before this Court, however, the ALJ did not make any further mention of Plaintiff's impairments deemed non-severe at Step Two in the sequential analysis.  Defendant asserts that the ALJ properly integrated Plaintiff's anxiety otherwise not specified as a symptom of the Plaintiff's PTSD. However, Plaintiff alleged his anxiety not otherwise specified as an impairment distinct from his PTSD.  The ALJ's alleged determination that Plaintiff's anxiety was a symptom of his PTSD is articulated nowhere in the ALJ's decision itself.  Orr in no way stands for the proposition that ALJs are exempt from explaining the rationales for their decisions.

This Court remanded this case because it was unable to discern whether the ALJ took Plaintiff's separate anxiety diagnosis into account in making the RFC determination. (Opinion at 7)  The Court noted that "[w]hile a failure to find an additional severe impairment at Step Two is not a *per se* basis for remand, it does not necessarily follow that it is

5

'harmless.'" (Opinion at 7)  Even if an impairment is found to be non-severe at Step Two, the ALJ must still take it into consideration in determining the Plaintiff's RFC.  An ALJ's failure to do so constitutes harmful error.

This Court's ruling does not mean that the ALJ must come to a different decision on remand.  Rather, the ALJ must only provide an additional explanation "of how and to what extent the ALJ integrated consideration of evidence of Plaintiff's anxiety." (Opinion at 7)  This is consistent with the Social Security statute, which directs that RFC determinations incorporate "all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not severe." 20 C.F.R. 404.1545(a)(2); see also Lippincott v. Comm'r of Soc. Sec., 982 F. Supp. 2d 358, 376 (D.N.J. 2013).  The Third Circuit's decision in Orr did not change this requirement imposed on the ALJ.  Nor did it introduce any other intervening change in law inconsistent with this Court's February 24, 2020 Order.  As a result, there is no basis for the Court's judgment to be altered.

6

**ACCORDINGLY**, it is on this **25th** day of **August 2020**,

**ORDERED** that, for the reasons set forth above, Defendant's Motion to Alter or Amend the Judgment is **DENIED**.

s/Renée Marie Bumb
RENÉE MARIE BUMB, U.S.D.J.